NORTHERN MUNICIPAL DISTRIBU-TORS GROUP and Midwest Region Gas Task Force Association, Petitioners,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Northern Natural Gas Company, et al., Intervenors.

No. 02–1180.

United States Court of Appeals, District of Columbia Circuit.

Filed Oct. 29, 2003.

Rehearing Denied Dec. 30, 2003.

Thomas Christopher Gorak, Gorak & Bay, Kailua–Kona, HI, for Petitioners.

Cynthia Ann Marlette, Dennis Lane, Solicitor, Larry D. Gasteiger, Attorney, Federal Energy Regulatory Commission (FERC), Washington, DC, for Respondents.

Steve Stojic, Frank Xavier Kelly, Gallagher, Boland and Meiburger, Carolyn Y. Thompson, Jones Day, Paul Frederick Forshay, Sutherland, Asbill & Brennan, Douglas M. Canter, Steven J. Kalish, McCarthy, Sweeney & Harkaway, Washington, DC, J. Gregory Porter, Northern Natural Gas Company, Maria Kyres Pavlou, Enron Transportation & Storage, Omaha, NE, for Intervenors.

Before GINSBURG, Chief Judge, EDWARDS, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

This petition for review was considered on the record from the Federal Energy Regulatory Commission, was briefed and argued by counsel. It is

**ORDERED AND ADJUDGED** that the petition for review be denied. The bulk of petitioners' arguments either directly or indirectly assail the basic concept of the Commission's longstanding policy of allowing discounts based on differences in demand, which we have found to be within the Commission's authority under the Nat-

ural Gas Act. *Associated Gas Distributors v. FERC*, 824 F.2d 981, 1011–12 (D.C.Cir. 1987). With respect to the policy stated in *Natural Gas Pipeline Co.*, 69 FERC ¶ 61,-029, 61,116–17, 1994 WL 550607 (1994), regarding the application of discounts to base rates and surcharges, which the Commission evidently assumed would be applicable in principle to the surcharges at issue here, see *Northern Natural Gas Co.* 99 FERC ¶ 61,051, 61,223, 2002 WL 552276 (2002), petitioners have given no adequate basis for us to conclude that the reasons offered by the Commission for its non-application at this stage, see *id.* at 61,223–26, are arbitrary and capricious or not in accordance with law.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App.P. 41(b); D.C.Cir. Rule 41.